**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| | ) | Criminal No. 19-262 |
| v. | ) | |
| | ) | |
| **PAUL CHRETIEN,** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

I.    **Introduction**

Pending before the court is a second pro se motion filed by defendant Paul Chretien

("Chretien" or "Defendant") for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the

United States Sentencing Commission Guidelines U.S.S.G. § 1B1.13, and the First Step Act of

2018, Pub. L. No. 115–391, 132 Stat. 5194, 5239 (2018). (ECF No. 116). The government filed a

response in opposition to the defendant's motion (ECF No. 119). The motion is ripe for decision.

II.   **Factual and Procedural Background**

On August 27, 2019, a grand jury returned a seven-count indictment against Chretien,

charging him with violations of 18 U.S.C. § 2252(a)(2), (b)(1) for Distribution and/or Receipt of

Material Depicting the Sexual Exploitation of a Minor, and 18 U.S.C. § 2252(a)(4)(B), (b)(2) for

Possession of Material Depicting the Sexual Exploitation of a Minor from August 22, 2018,

through February 6, 2019. (ECF No. 3).  On March 3, 2021, Chretien pleaded guilty to count one

(distribution of material depicting the sexual exploitation of a minor) and count seven

(possession of material depicting the sexual exploitation of a minor). (ECF No. 63). On

September 16, 2021, he was sentenced to 72 months of imprisonment, pursuant to a plea agreement, to be followed by 5 years of supervised release at each count, to run concurrent. (ECF No. 91).

On June 2, 2024, Chretien wrote a letter to the court, docketed as a motion for compassionate release/reduced sentence under the First Step Act. (ECF No. 100).   On June 28, 2024, Chretien filed a petition and memorandum in support of petition for relief under the First Step Act. (ECF No. 101).  On July 26, 2024, the government submitted a response in opposition to Chretien's motion (ECF No. 106), accompanied by over 300 pages of Chretien's medical records, under seal, which reflected Chretien's medical treatment since he has been in prison. (ECF No. 107).  The defendant filed a reply to the government's response in opposition on November 4, 2024. (ECF Nos. 112, 113). On January 16, 2025, this court issued a memorandum opinion and order denying Chretien's motion for release from custody, without prejudice. (ECF Nos. 114, 115).

On January 21, 2006, Chretien filed the instant, second motion for compassionate release. (ECF No. 116).  On February 23, 2025, Chretien filed a notice to the court of a change of address, indicating a residential address, to be effective upon his expected release from FCI Elkton on February 25, 2026. (ECF No. 118).  On February 24, 2026, the government responded in opposition to Chretien's request for compassionate release. (ECF No. 119).

### III.    Discussion

Chretien has again petitioned the court for compassionate release based predominantly on the same medical conditions he alleged in his previous request that the Bureau of Prisons ("BOP") was not adequately addressing.  He lists his current medical conditions and claims,

without specificity, and asserts that his "chronic conditions have not improved or been properly treated in the place of confinement." (ECF No. 116 at 3).  The government disputes the veracity of Chretien's statements and maintains "his request fails at the threshold before any inquiry on the merits because he fails to prove that he exhausted his administrative remedies prior to filing his Motion." (ECF No. 119 at 2).

Chretien offers no evidence that he has undertaken any renewed efforts to administratively exhaust his administrative remedies. See United States v. Morris, No. CR 13-125, 2022 WL 1213960 (W.D. Pa. Apr. 25, 2022) ("Defendant must exhaust his administrative remedies a second time before bringing a second motion for compassionate release.").  In fact, in the supporting documentation to his petition, Chretien specifically lists a timeline of his administrative remedy efforts to date. (ECF No. 116-1 at 15-16).  That timeline stops at February 8, 2024, which is prior to his first petition for compassionate release, with no listing of any efforts following the denial of that request. (Id.)

Even if he had exhausted his administrative remedies, Chretien offers no new information that his medical conditions are substantially worse than when they were considered by this court at the last review of this issue during Chretien's previous compassionate release request.  The court acknowledged Chretien's medical conditions in his previous petition, but determined that they did not rise to the level required by U.S.S.G § 1B1.13 to be considered "extraordinary and compelling." (ECF No. 114 at 11-13).  There is no new information or condition in Chretien's current petition that would result in a different finding.

Of significance to Chretien's petition is his most recent filing. (ECF No. 118).  Chretien reports that "on February 25, 2026, [he] will be released from FSL Elkton." (Id.)  A review of BOP records indicates Chretien was released to a residential rehabilitation center in the

Pittsburgh area on February 25, 2026.

https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited February 26,

2026.  In light of this change to Chretien's incarceration status, the underlying reason for

considering a compassionate release from FCI Elkton is moot.

**IV.    Conclusion**

For the reasons set forth above, Chretien's renewed pro se motion for compassionate

release or sentence reduction (ECF Nos. 116) will be denied.

An appropriate order will be entered.

BY THE COURT,

Dated: March 11, 2026                         /s/ JOY FLOWERS CONTI
                                              Joy Flowers Conti
                                              Senior United States District Court Judge

4